IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FRANK THOMAS SHUMATE, JR., § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> CONCEPT SPECIAL RISK LTD INC.; § <br> FORMERLY KNOWN AS OSPREY § <br> SPECIAL RISKS LIMITED; and § <br> GREAT LAKES REINSURANCE, (UK), § <br> PLC, § <br> DEFENDANTS. § | C.A. No. 2:14-cv-00385 <br> Rule 9(h) Admiralty <br><br> AMENDED COMPLAINT <br> (Jury Trial Demanded) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, IN PART, PLAINTIFF'S TEXAS BASED CLAIMS FOR FAILURE TO STATE A CLAIM**

COMES NOW Plaintiff, **FRANK THOMAS SHUMATE, JR.** (hereinafter referred to as "Plaintiff"), and file his Response to Defendants' Motion to Dismiss, in part, Plaintiff's claims for failure to state a claim upon which relief can be granted, as authorized by Fed. R. Civ. P. 12(b)(6).

**I.**

**INTRODUCTION**

1. Plaintiff's Second Amended Complaint contains three causes of action. (*See* Plaintiff's Second Amended Complaint, Document #21, on file with this Court.) Plaintiff's first and second causes of action are for Breach of Contract and for Bad Faith Breach of Insurance Contract based upon applicable Federal Maritime and state law. No Texas statutory claims are included. Rather, only Plaintiff's third cause of action is at issue.

2. The third cause of action asserted by Plaintiff in its complaint is based upon Chapter 542 of the Texas Insurance Code. Plaintiff concedes that should the governing law for this cause of action be based upon New York state law, under the applicable choice of law provisions in the subject maritime insurance policy, then this cause of action would fail.

3. However, Defendants' partial motion to dismiss must be denied as the choice of law provision is unenforceable. As it is unenforceable, then, the laws of the State of Texas will apply absent specific federal maritime law, which Defendants' concede, is inapplicable for this cause of action.

## II.

## ARGUMENT & AUTHORITIES

4. A 12(b)(6) motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff will be able to offer evidence to support its claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). Generally, the motion must be decided solely on the allegations in the plaintiff's complaint. *Sepaker v. U.S. Dept. of H&H Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010). If the respondent can demonstrate that the facts alleged sufficiently show a plausible claim for relief, then the motion to dismiss should be denied. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The court must indulge all inferences in favor of the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 498 (5th Cir. 2000).

5. As stated in Defendants' partial motion to dismiss, the marine insurance contract at issue does contain a choice of law provision. (*See* Plaintiff's Second Amended Complaint, *Exhibit A*, a true and correct copy of said policy.) This provision provides for the application of "substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York. (*See* Paragraph 11 of *Exhibit A*.). Furthermore, the policy also contains a "Service of Suit" provision providing:

      a)      the Assured may serve process upon any senior partner of the firm of:

> Mendes & Mount, LLP
> 750 7th Avenue
> New York, NY 10019

(Plaintiff's Second Amended Complaint, *Exhibit A*, Paragraph 11, subsection a, of the policy at issue.).

5.      Plaintiff's attempted service on this specifically designated agent from the policy at issue was not accepted by the same. (See Plaintiff's Second Amended Complaint, Exhibit B). Part of Plaintiff's cause of action for breach of contract is based upon this conduct.

6.      Defendants, in their motion, cite to *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 242 (5th Cir. 2009) and *Great Lakes Reinsurance v. Tico Time Marine LLC*, 2011 U.S. Dist. Lexis 26988 (S.D. Tex 2011) for the proposition that the applicable choice of law provision in the subject policy is valid and that New York law applies to Plaintiff's Texas Insurance Code claims, which does not recognize Texas statutory claims. However, both cases, as cited by Defendants, are distinguishable for the case at hand.

7.      The Supreme Court has held forum-selection-clauses and choice-of-law clauses presumptively valid. *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, [538-540](1995) (foreign arbitration clause); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); see also *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

8.      The presumption of validity may be overcome, however, by a showing that the clause is "unreasonable under the circumstances." *BREMEN*, 407 U.S. at 10. The 5th Circuit, quoting SCHOENBAUM, stated "[a] choice of law provision in a marine insurance contract will

be upheld in the absence of evidence that its enforcement would be unreasonable or unjust. *See Durham Auctions, Inc.*, 585 F.3d at 242. Discussing further, this Court held that in admiralty law, contractual choice of law clauses govern unless there is no substantial relationship to the parties or the transaction, or the chosen law conflicts with the fundamental purposes of maritime law. *In Re Horizon Vessels, Inc.*, 2007 WL 655927 at *11 (S.D. Tex. Feb. 28, 2007) (slip copy) (citing *Dupre v. Penrod Drilling Corp.*, 993 F.2d 474, 476 n. 4 (5th Cir. 1993) quoting *Stoot v. Fluor Drilling Servs., Inc.*, 851 F.2d 1514, 1517 (5th Cir. 1988)); *see also Durham Auctions, Inc.*, 585 F.3d at 242 (citing Section 187 of Restatement (Second) of Conflict of Laws which contains the same analysis).

9. In *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.*, the 5th Circuit, deciding on a certified question under 28 U.S.C. § 1292(b), prompted by a motion for summary judgment by Great Lakes Reinsurance (UK) PLC, held that the applicable choice of law provision in a maritime insurance policy was enforceable because New York did have a substantial relationship to the parties or the insurance contract. *See* 585 F.3d 236, 242 (5th Cir. 2009). There, the 5th Circuit noted that the insurer, the same insurer as the case at hand, provided evidence of a significant relationship with New York as reflected by its appointment of an agent for service of process in New York, its approval in New York as a surplus carrier, and its maintenance of a trust fund in New York. *See id.* On the other hand, *Tico Time Marine LLC*, did not conduct this analysis. *See* 2011 U.S. Dist. Lexis 26988 at *8 (S.D. Tex 2011).

10. The case at hand, based upon Plaintiff's complaint, is distinguishable from the authority cited by Defendants. Here, Plaintiff's pleadings, taken as true and resolving all inferences in Plaintiff's favor for the purposes of this Rule 12(b)(6) Motion to Dismiss, show that Defendants' substantial relationship to New York is completely lacking. On the face of the policy, the only

connection to New York that is stated is the service of process section in the policy. (Plaintiff's Second Amended Complaint, Exhibit A, Paragraph 11, subsection a, of the policy at issue.). However, as plead in Plaintiff's complaint, this connection was a sham as Defendants' designated agent for service of process refused to accept the same. (*See* Plaintiff's Second Amended Complaint, Exhibit B). Additionally, in the policy at issue, Defendant Concept Special Risks LTD. Inc., formerly known as Osprey Special Risk Limited, is listed as its office being in Leeds, United Kingdom. (*See* Plaintiff's Second Amended Complaint, Exhibit A). No contact information whatsoever is listed for Defendant Great Lakes Reinsurance (U.K.) PLC. As such, the case at hand is distinguishable because, taken as true, Plaintiff's complaint shows that there are no connections to New York. When using the 5th Circuit's analysis, as provided in *Durham Auctions, Inc.*, the choice of law provision, on its face, is unenforceable. *See Durham Auctions, Inc.*, 585 F.3d at 242 (citing Section 187 of Restatement (Second) of Conflict of Laws). As there is no controverting evidence to the same, nor can this Court even consider extrinsic evidence for the purposes of this 12(b)(6) motion, Plaintiff will surely be able to offer evidence that the choice of law provision is unenforceable, and as discussed below, that the laws of the State of Texas will apply to Plaintiff's causes of action and that those laws were violated by Defendants.

11. As the choice of law provision in the applicable policy is unenforceable, the Court "must apply general federal maritime choice of law rules." *Albany Ins. Co. v. Kieu*, 927 F.2d 882, 890 (5th Cir. 1991). Under this analysis, the Court must apply the "most significant relationship approach" applying the factors set out in Restatement (Second) of Conflict of Laws § 188. *See Durham Auctions, Inc.*, 585 F.3d at 242 (quoting *Kieu*, 927 F.2d at 880 n.3). Here, on the face of the policy and taking the allegations stated in Plaintiff's complaint taken as true, Texas has the most significant relationship as the assured is listed as his address in Texas and the policy itself

contains a required Texas Statutory Complaint Notice. (*See* Exhibit A, page 1 & 3.). Under Texas law, Plaintiff's claims based upon the Texas Insurance Code are appropriate and show a plausible claim for relief. Based on this, Defendants' partial 12(b)(6) motion to dismiss must be denied.

### III.

### IIN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS PLEADING

12. In the alternative, should this Court grant Defendants' 12(b)(6) Partial Motion to Dismiss, Plaintiff requests leave of this Court to amend his complaint to comply with the Court's order.

### IV.

### CONCLUSION

13. For the foregoing reasons, Plaintiff respectfully request that this Honorable Court deny Defendants' Partial 12(b)(6) Motion to Dismiss as the subject insurance policy does not contain a valid choice of law provision and the law of the State of Texas should apply to Plaintiff's state law claims, which are proper and may be pursued. In the alternative, Plaintiff requests leave to amend its complaint to comply with this Court's order should it grant Defendants' Partial 12(b)(6) Motion to Dismiss.

WHEREFORE PREMISES CONSIDERED, this Court should deny Defendants' Partial 12(b)(6) Motion to Dismiss.

Respectfully submitted

/s/ David S Gibson II
David S Gibson II (#1124642)
820 Henderson St.
Rockport, TX 78382
Telephone (361) 771-3401 Ext. 201
Facsimile (361) 450-0263
d.gibson@cinchtexas.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Certificate of Interested Parties has been forwarded to all known counsel of record via the Court's CM/ECF filing system, once filed, and faxed, in accordance with the Rules of Civil Procedure on this 1st day of July, 2015.

Timothy W. Strickland
Stacey T. Norstrud
FOWLER RODRIGUES
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas 77010
Attorneys for Defendants

By: /s/ David S Gibson II