UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK THOMAS SHUMATE, JR., | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-385 |
| | § | |
| CONCEPT SPECIAL RISKS LTD, INC.; | § | |
| fka OSPREY SPECIAL RISK LIMITED, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending is Defendants', Great Lakes Reinsurance (UK), PLC ("Great Lakes") and Concept Special Risks Limited ("Concept") (collectively "Defendants"), Motion to Dismiss in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 29). This is an admiralty and common law cause of action in which Plaintiff, Frank Shumate Jr., seeks a declaratory judgment for coverage under a policy of marine insurance for damages allegedly sustained to his vessel. (D.E. 5, p. 1). He also asserts claims under the Texas Insurance Code and a claim for attorney's fees under Texas State law. (D.E. 5, pp. 7-8). Defendants move to dismiss Plaintiff's claims arising under Texas law. (D.E. 29, p. 2). Defendants argue that the choice of law provision found in the marine insurance contract make the insuring agreement subject to the substantive laws of the State of New York. (D.E. 29, p. 2). Plaintiff, in turn, asserts the subject choice of law provision is unenforceable and the laws of the State of Texas should apply. (D.E. 30, p. 2).

For the following reasons, it is respectfully recommended that Defendants' Motion to Dismiss in part (D.E. 29) be **GRANTED**. It is further recommended that Plaintiff be allowed to amend his complaint to allege New York state law claims.

## I.     BACKGROUND

Defendant Great Lakes is a United Kingdom surplus lines insurer. Defendant Concept is a United Kingdom insurer with offices in London, United Kingdom and Miami, Florida. (D.E. 5, p. 2). Defendants issued a policy to Plaintiff on April 13, 2013, to be valid through April 13, 2014. Plaintiff is the owner of *M/V PATRON*, a sport-fishing vessel sixty-five feet in length with twin inboard diesels, and the subject of this policy. (D.E. 5, p. 2).[1] The Policy contains a choice of law provision under the heading "<u>11. Service of Suit, Choice of Law and Forum</u>," which provides as follows:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well-established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

(D.E. 29-1, Governing Policy Form ¶ 11) (hereinafter "Choice of Law Provision").

As part of its Policy, Plaintiff also applied for and received Uninsured Boaters coverage which covers damages caused to the vessel by third party vessel owners or operators when those damages cannot be recovered either because the third party has no marine liability insurance and no realizable assets or because they cannot be identified. (D.E. 5, p. 5) (hereinafter "Section 6"). The Policy also contained a Service of Suit

---

[1] Policy number OSPYP/141334

provision, which provided that the Assured serve process upon any senior partner at Mendes & Mount, LLP, a law firm located in New York, NY. (D.E. 30, p. 3).

On November 11, 2013 the port engine of the *PATRON* was allegedly damaged when her former captain operated the ship without Plaintiff's permission. (D.E. 5, p. 5). At the time, the ex-captain was no longer in Plaintiff's employ. (D.E. 5, p. 3). The former captain has no marine liability insurance or assets upon which to collect for the damage caused to the engine. (D.E. 5, p. 3). Plaintiff notified Defendants of the damage and the subject claim against the Policy resulting from that damage. (D.E. 5, p. 3). On February 5, 2014, Defendants sent an investigator to the *PATRON*, which was docked in Costa Rica at that time.[2] (D.E. 5, p. 4). Plaintiff attempted to provide requested documentation, including invoices, to support its claim on the Policy. (D.E. 5, p. 4). Defendants sent a Reservation of Rights letter, without affirming or denying the claim, and Defendants have yet to make any payments as to the Policy. (D.E. 5, p. 6).

Plaintiff claims the damage should be covered under Section 6. (D.E. 5, p. 3). Plaintiff originally filed suit in State Court, but the claim was removed to federal court, invoking this Court's admiralty jurisdiction, on September 5, 2014. (D.E. 1). Plaintiff attempted to serve Defendants through an attorney at the firm pre-designated in the Policy to represent Defendants as their agent for service of process. (D.E. 5, p. 4).

---

[2] Plaintiff's Amended Complaint alleges several problems with the February 2014 investigation, including the investigator's unannounced arrival, condescending and accusatory tone, refusal to have a translator present during crewmember interviews, refusal to accept documentation requested by the investigator's employer. (D.E. 5, pp. 3-4). However, the adequacy of the investigation is beyond the scope of Defendant's Motion to Dismiss in part.

Plaintiff claims that the attempted service was rejected by Defendants' Agent. (D.E. 5, p. 4). Plaintiff filed his Second Amended Complaint on September 29, 2014. (D.E. 5). In it, he asserts causes of action for breach of contract and late payment of claims in violation of the Texas Insurance Code. (D.E. 5, pp.4-8). Plaintiff also seeks attorneys' fees under the Texas Civil Practice and Remedies Code ("CPRC"). (D.E. 5, pp. 4-8).

Defendants filed this Motion to Dismiss In Part on June 3, 2015. (D.E. 29). In it, Defendants move for dismissal of Plaintiff's claims arising under the Texas Insurance Code and CPRC because they are based on Texas law and therefore precluded by the Choice of Law Provision. (D.E. 29). Plaintiff, in his Response to Defendants' Motion to Dismiss in part, argues that its claims are valid in spite of the Choice of Law Provision, asserting that it should not be enforced because the state of New York has no significant relationship to the parties or transaction. (D.E. 30). Defendants filed a Reply to Plaintiff's Response to Defendants' Motion to Dismiss in part on July 10, 2015. (D.E. 31). Defendants assert the Choice of Law Provision is indeed valid and enforceable and has been previously upheld by the Fifth Circuit and the U.S. District Court for the South District of Texas. (D.E. 31).

**II.   JURISDICTION**

This Court has jurisdiction over this admiralty action pursuant to 28 U.S.C. § 1333.

**III.   LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. However, the district court must construe the complaint in the light most favorable to the non-movant, and the allegations therein must be taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, when considering a defendant's motion to dismiss, the district court's review is limited to allegations in the complaint and documents attached to the defendant's motion to dismiss, to the extent those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

IV.  **LAW AND ANALYSIS**

    A.  **Choice of Law Provision**

First, this court must determine whether New York, Texas, or federal admiralty law applies to this case. "[T]he court in maritime cases *must* apply general federal maritime choice of law rules." *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 242 (5th Cir. 2009) (quoting *Albany Ins. Co. v. Kieu*, 927 F.2d 882, 890 (5th Cir. 1991)). Under federal maritime choice of law rules, "contractual choice of law provisions are generally recognized as valid and enforceable." *Durham Auctions*, 585 F.3d at 242. The Choice of Law Provision at issue requires the application of federal

maritime law if the dispute "arises under" the contract and there is well-established, entrenched federal maritime precedent relating to the disputed issue.

The court must next determine whether such entrenched precedents exist regarding the interpretation of federal marine insurance contracts.[3] The "regulation of marine insurance is, in most instances, properly left with the states." *Kieu*, 927 F.2d at 887 (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310 (1955)). The Fifth Circuit has applied state law in interpreting marine insurance policies because there is no contrary federal admiralty rule. *See INA of Tex. V. Richard*, 800 F.2d 1379, 1381 (5th Cir. 1986) (per curiam) (listing cases). Therefore, state law should govern this marine insurance issue.

### B.     Does New York Law Apply?

The portion of Plaintiff's claim at issue in Defendants' Motion to Dismiss in Part involves § 542 of the Texas Insurance Code (TEX. INS. CODE § 542.058) and Plaintiff's claim for attorney's fees, under Texas law. (CIV. PRAC. & REM. CODE § 38.001). Under the Choice of Law Provision, if no well-established precedent exists under admiralty law, the "insuring agreement is subject to the substantive laws of the State of New York." (D.E. 29-1, Governing Policy Form ¶ 11).

Forum selection clauses and choice of law clauses are presumptively valid. *See e.g. Vimar Seguros y Reasuguros, S.A v. M/V SKY REEFER*, 515 U.S. 528, 538-40 (1995); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S BREMEN v.*

---

[3] Both Plaintiff and Defendants concede that there is no applicable, specific federal maritime law for this issue. (D.E. 30, p. 2; D.E. 29 p. 3).

*Shute*, 407 U.S. 1, 15 (1972). "[U]nder admiralty law, where the parties have included a choice of law clause, that state's law will govern unless the state has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purposes of maritime law." *Durham Auctions*, 585 F.3d at 243 *and Stoot v. Fluor Drilling Servs., Inc.*, 851 F.2d 1514, 1517 (5th Cir. 1988) (quoting *Hale v. Co-Mar Offshore Corp.*, 488 F.Supp. 1212, 1215 (W.D. La. 1984) (citing *Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 10, 15 (1972)).

Defendants argue the Choice of Law Provision is valid, the law of New York applies, and Plaintiff's claims under Texas law must be dismissed. Plaintiff, on the other hand, argues New York has no substantial relationship to the dispute or the parties, and the clause is therefore unenforceable. In place of the choice of law provision, Plaintiff argues that Texas law should apply as the state with the most substantial relationship to the litigation. (D.E. 30, p. 5). To support this claim, Plaintiff submits that when he attempted to provide service of process at the firm named in the Policy, it was returned. Therefore, Defendants' relationship to New York was a "sham." (D.E. 30, p. 5). Plaintiff also submits that Texas law should apply as the state with the most substantial relationship to the litigation.[4]

Defendants properly note that the exact Choice of Law Provision at issue has been considered and upheld with specific reference to New York's substantial relationship

---

[4] Even if the Choice of Law Provision were found unenforceable, Plaintiff has not adequately shown that Texas has the most substantial relationship to this litigation, so it is uncertain whether, in the absence of the Choice of Law Provision, Texas law would be applicable.

with Defendants on at least three occassions. *e.g. Great Lakes Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 244 (5th Cir. 2009) (finding that Durham Auctions failed to show that application of New York law under the same provision would be unreasonable or unjust where Great Lakes maintained a trust fund account and its agent for service of process in New York) *and see Great Lakes Reinsurance (UK) PLC v. Southern Marine Concepts, Inc.*, G-07-276 2008 W.L. 652861, at *4-5 (S.D. Tex. October 21, 2008); *Great Lakes Reinsurance (UK) PLC v. Tico Time LLC*, 4:10-CV- 2060 2010 WL 4065470, at *3 (S.D. Tex. Oct. 12, 2010).

The fact that Process was refused by Plaintiff's agent fails to overcome the Choice of Law Provision's presumption of validity and the Fifth Circuit's prior determination of its validity regarding the same provision in another marine insurance contract. As Defendants explain, process, which was allegedly refused by Plaintiff's agent was addressed to Osprey Special Risk Limited, Defendant Concept's Former Identity and service of process came from a state court rather than a federal court, which may have contributed to the agent's confusion in failing to accept service. Moreover, Plaintiff fails to overcome the presumption of validity because Defendant maintains its agent for service of process and its trust account in New York.  Precedent of the Fifth Circuit is on point and, therefore, the law of New York applies.

C.   **Leave to Amend**

In the alternative, Plaintiff requests Leave to Amend his Second Amended Complaint. (D.E. 30, p. 6).  Rule 15(a) of the Federal Rules of Civil Procedure provides that, within specified time limits, a party may amend his pleadings once as a matter of

course. Otherwise, a party may amend its pleadings "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when "justice so requires" rests within sound discretion of the district court, which should err on the side of allowing amendment although it should not be granted automatically. *State of Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1303 (5th Cir. 1995); *See also Chitimacha Tribe of Louisiana v. Harry L. Laws Co. Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). In exercising its discretion, a court may consider such factors as (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) futility of amendment; and (5) undue prejudice to the opposing party by virtue of allowance of the amendment. *Id*.

Plaintiff filed the original complaint in Texas state court, and the Second Amended Complaint raised Texas causes of action. Plaintiff did not raise New York state law claims because he believed the law of Texas applied. Given the nature of the claim, the variation between Texas and New York law, and for good cause, the undersigned believes justice requires Plaintiff be given leave to amend his complaint to incorporate New York law.

## V.    CONCLUSION

Because Plaintiff asserts no set of facts that demonstrates a non-substantial relationship between Defendants and the state of New York, which would overcome the Choice of Law Provision's presumption of validity, the Choice of Law Provision is valid and enforceable. Accordingly, New York law applies.

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's claims under Texas law should be **GRANTED.** It is further recommended that Plaintiff be allowed to amend his complaint to raise New York state law claims and that the amended complaint be filed within seven days of the District Judge's ruling on this Memorandum and Recommendation.

Respectfully submitted this 3rd day of August, 2015.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).