Case 2:14-cv-00385   Document 42   Filed in TXSD on 01/11/16   Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
January 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FRANK THOMAS SHUMATE, JR., § § Plaintiff, § VS. § CIVIL ACTION NO. 2:14-CV-385 § CONCEPT SPECIAL RISKS LTD, INC.; § fka OSPREY SPECIAL RISK LIMITED, et § al, § § Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending is Defendants', Great Lakes Reinsurance (UK), PLC and Concept Special Risks Limited, Motion to Dismiss, in Part, Plaintiff's Texas Based Claims for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 29. Plaintiff seeks a declaratory judgment for coverage under a policy of marine insurance for damages allegedly sustained to his vessel. D.E. 5, p. 1. Plaintiff asserted numerous causes of action in his complaint, including claims under the Texas Insurance Code and a claim for attorney's fees under Texas law. D.E. 5, pp. 7-8. Defendants move to dismiss these claims arising under Texas law because the choice of law provision in the insurance contract subjects any disputes to the substantive laws of the State of New York (D.E. 29, p. 2). Plaintiff argues that the choice of law provision is unenforceable and that the laws of the State of Texas should apply (D.E. 30, p. 2).

On August 3, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R) (D.E. 34) recommending that Defendants' Motion to Dismiss, in Part, be granted, and that Plaintiff be allowed to amend his complaint to raise New York state law claims. Plaintiff filed objections (D.E. 37) to the M&R and Defendants filed a response (D.E. 38) to the objections.

First, Plaintiff objects to "the Magistrate's finding because the wrong standard was used in deciding Defendant's 12(b)(6) Motion to Dismiss." D.E. 37, p. 1. Plaintiff asserts that the Magistrate Judge failed to indulge all inferences in his favor regarding the substantial relationship analysis because the Magistrate decided facts "giving more weight to evidence offered by the Defendants by taking Defendants' explanation for its failure to accept service as adequate proof of a substantial relationship with New York." *Id.* at 2.

"Under federal maritime choice of law rules, contractual choice of law provisions are generally recognized as valid and enforceable." *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.,* 585 F.3d 236, 242 (5th Cir. 2009). In the context of a marine insurance contract, a choice of law provision will be upheld in the absence of evidence that its enforcement would be unreasonable or unjust. *Id.*

The Magistrate Judge's recommendation was based on the general presumption of the validity of choice of law clauses and Fifth Circuit precedent addressing this particular choice of law clause as it relates to Defendants and their substantial relationship with New York. This Court finds no error in the Magistrate Judge's analysis, and Plaintiff's first objection is **OVERRULED.**

Plaintiff's second objection to the M&R alleges that the Magistrate Judge erroneously considered extrinsic evidence attached to Defendants' motion, and thus converted Defendants' 12(b)(6) motion into a summary judgment motion in error.  D.E. 37, p. 2.  Plaintiff objects to the statement in the M&R that "Defendant maintains its agent for service of process and its trust account in New York." (D.E. 34, p. 8).  The only attachment to Defendants' motion is a copy of the insurance policy (D.E. 29-1), which makes no mention of a trust account in New York, but does state that Defendant Great Lakes maintains its agent for service of process in New York.  (D.E. 29-1, p. 16)  This insurance policy was attached to Plaintiff's Second Amended Complaint (D.E. 5-1) and thus can be considered by the Court.  The statement regarding a trust account references a 5th Circuit case involving Great Lakes.  The Magistrate Judge did not improperly convert the motion to dismiss to a motion for summary judgment.  Accordingly, Plaintiff's second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Defendants' motion to dismiss Plaintiff's claims under Texas law (D.E. 29) is **GRANTED.**  Further, the Court

**GRANTS** Plaintiff leave to amend his complaint, if he wishes to do so.  Plaintiff is

**ORDERED** to file any amended complaint within seven days of this order.

ORDERED this 11th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE