Case 2:14-cv-00385 Document 45 Filed in TXSD on 01/20/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK THOMAS SHUMATE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-385 |
| | § | |
| CONCEPT SPECIAL RISKS LTD, INC.; | § | |
| fka OSPREY SPECIAL RISK LIMITED, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff filed this action against Defendants seeking a declaratory judgment for coverage under a policy of marine insurance for damages allegedly sustained to his vessel, the M/V PATRON. (D.E. 5, Page 1). Defendants moved for summary judgment asserting that Plaintiff has breached his duty to cooperate with Defendants' investigation, thereby forfeiting his right to recover from Defendants under the policy. (D.E. 39). For the reasons stated below, the Court **DENIES** Defendants' motion. (D.E. 39).

On November 11, 2013, Plaintiff's vessel was allegedly damaged when her former captain operated the ship without Plaintiff's permission. (D.E. 5, Page 5). On or about December 18, 2013, Plaintiff notified Defendants of the damage and the subject claim against the policy resulting from that damage. (D.E. 5, Page 3). On January 3, 2014, Plaintiff was provided a list of initial items that Defendants requested to evaluate the loss. (D.E. 39-3). On February 5, 2014, Defendants sent an investigator to the vessel, which was docked in Costa Rica. (D.E. 5, Page 4). Plaintiff also traveled to Costa Rica for the

inspection. (D.E. 40-7).[1] On March 18, 2014, Defendants sent a Reservation of Rights letter to Plaintiff's counsel again requesting certain documentation and information. (D.E. 39-4). On April 22, 2014, Plaintiff's counsel was sent an additional letter requesting the same. (D.E. 39-5). On June 25, 2014, Plaintiff filed this action against Defendants. (D.E. 1 and D.E. 39, Page 2). On April 30, 2015, Plaintiff's counsel was sent a final letter requesting all outstanding documentation and information. (D.E. 39-6).

New York law governs this dispute. (D.E. 42). "Under New York law, it is clear that 'when an insured deliberately fails to cooperate with its insurer in the investigation of the covered incident as required by the policy, the insurer may disclaim coverage in the absence of a waiver by or estoppel of the insurer.'" *SCW W. LLC v. Westport Ins. Corp.*, 856 F. Supp. 2d 514, 522 (E.D.N.Y. 2012) (*citing* 70A N.Y. Jur. 2D Insurance § 2122). The insurer has the burden of proving lack of cooperation,[2] and once the lack of cooperation is shown, the burden is then upon the insured to show an excuse for the conduct. *Id*. (citations omitted). "Summary judgment may be appropriate where an insured fails to cooperate with the insurer as a matter of law" as "[v]iolating an obligation to cooperate constitutes a material breach of the insurance contract and a defense to indemnification under the policy." *Id*. at 523 (citations omitted). However, summary

---

[1] Plaintiff's Amended Complaint and sworn affidavit alleges that the investigator arrived late and unannounced, acted unprofessionally, refused to have a translator present for crew interviews, and refused to accept Plaintiff's documentation. (D.E. 5, Pages 3-4 and D.E. 40-7, Page 2).

[2] It is well settled that an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction. *Ebrahimian v. Nationwide Mut. Fire Ins. Co.*, 960 F. Supp. 2d 405, 415 (E.D.N.Y. 2013) (citation omitted); *see also Baghaloo-White v. Allstate Ins. Co.*, 270 A.D.2d 296 (2000) (same).

judgment should be denied when there is an issue of fact as to whether a plaintiff has failed to cooperate and/or has a reasonable excuse for failing to cooperate. *Id.* at 523, 528.

Defendants only basis for asserting lack of cooperation is Plaintiff's failure to provide requested documents and information. (D.E. 39, Page 8). In support of this assertion, Defendants provide a copy of the policy and the correspondence discussed above. It appears from Plaintiff's response to the pending motion and Defendant's reply that Plaintiff provided some of the responsive information on April 30, 2015 and October 21, 2015. (D.E. 40-3; D.E. 40-6, Page 12; and D.E. 41, Page 3). However, Defendants assert that there are outstanding requests, specifically the vessel's maintenance log and log books, invoice repairs for the previous three years, police reports, and photos of the vessel either prior to or after the alleged vandalism. (D.E. 41, Pages 3-4).

In response, Plaintiff asserts that he has timely responded to all discovery requests, noting that Defendants have taken no action with this Court, through a motion to compel or otherwise, challenging his responses. (D.E. 40, Page 2). Plaintiff also maintains that he has not provided the remaining documentation because, after searching the vessel, he does not have it and/or it does not exist. In support, Plaintiff provides his sworn affidavit that the vessel does not have a maintenance log or log book or prior invoice repairs other than those provided to Defendants; the local authorities in Costa Rica, while contacted,

have not provided a police report; and he does not have any photographs of the damage to the vessel or of the repairs.³ (D.E. 40-7, Page 2).

Plaintiff has submitted evidence to raise a disputed issue of material fact regarding his cooperation with Defendants' investigation as it would be impossible for him to provide documentation that he asserts does not exist. Therefore, Defendants are not entitled to summary judgment as a matter of law and the motion (D.E. 39) is **DENIED**.

ORDERED this 19th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

³Plaintiff also avers that he does not have copies of the driver's licenses of all operators of the vessel at the time of the incident and has in no way prevented Defendants' from interviewing any past or present members of the crew. (D.E. 40-7). Further, while Plaintiff alternatively questions the relevance of the outstanding documentation, the Court need not address this issue as it is immaterial if the evidence does not exist.